DOMINGO MASSINI-PIETRI, Plaintiff and Appellant, *v.* CATALINA RIVERA and DIONISIO and JUAN ECHAVARRÍA, Defendants and Appellees.

No. 3830. Argued January 28, 1926.—Decided February 17, 1926.

*Enrique González Mena* for the appellant. *F. A. González Suárez* for the appellees.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

Domingo Massini brought an action of unlawful detainer against Catalina Rivera and Juan and Dionisio Echavarría, alleging that he was the owner of a rural property of 33 acres

in Laguna ward of Aguada; that on a portion of about one and a half acres of the main property the defendants had built three houses which belonged to them, but paid no rent to the plaintiff and precariously held possession of the land on which the houses were built.

Defendant Catalina Rivera pleaded that she was the owner of one acre of the land on which her two-story house and another one-story house belonging to Juan Echavarría were built; that she had been living in the said house for more than 25 years, and that she acquired it together with the land in the liquidation of the community property left at the death of her husband, Miguel Echavarría.

Dionisio Echavarría pleaded that his house was not on the land described by the plaintiff, but on a property belonging to Wenceslao Echavarría that adjoined the land of the plaintiff.

From the evidence it is deduced that although Miguel Echavarría sold the principal property, which by successive transfers came into the possession of the plaintiff, it appears clearly that he did not dispose of the two-story house, which was allotted to his wife under the will made by him on November 11, 1915. However, the plaintiff introduced the will for the purpose of showing that the testator had preserved the house but not the land when in the seventh clause he said:

"Seventh.—That his estate consists of two houses, one a two-story house and the other a one-story house, located on a property of which he was the owner but now belongs to the heirs of Rafael Barletta, in the Laguna ward of Aguada. . . . ."

At any rate it appears that there is involved a testamentary clause subject to interpretation to determine a question of title, and if we add that for several years Catalina Rivera had paid the taxes on the house and on one acre of land; that witness Marcos Soto, the manager of the plaintiff's property,

seems to say that the said property is bounded by the land on which the house of Catalina Rivera is located, and that in the complaint it is alleged that Dionisio Echavarría had his house built on the acre of land occupied by Catalina Rivera, it must be concluded, following the constant and repeated jurisprudence of this court, that since a conflict of title is involved, the case should not be ventilated in an unlawful detainer proceeding, but in an ordinary action.

Wherefore, the judgment appealed from must be affirmed.